## UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

Thomas Mandala )
274 Main Street Apt. 3A )
Acton, MA 01720, )
)
Plaintiff, )
)
)
)  Case No. _____
Vs. )
)
) 1:18-cv-07762
Nouria Niala ) Judge Elaine E. Bucklo
7389 N. Damen Avenue Apt. 1E ) Magistrate Judge Young B. Kim
Chicago, IL 60645, )
)
Defendant. )

**FILED**

ᵭ NUV 2 1 2018

THOMAS G CRUTON
CLERK, U.S. DISTRICT COURT

## COMPLAINT FOR VIOLATION OF CONSTITUTIONAL RIGHTS

PLAINTIFF FURTHER ALLEGES AS FOLLOWS:

1. The Plaintiff, Thomas Mandala is a United States Citizen, and he has been living in the United States since May 1997 up to the present; and the Defendant, Nouria Niala, is a foreign national of the Democratic Republic of the Congo.

2. During the Plaintiff's visits to the Democratic Republic of the Congo, he met with the Defendant a couple of times. The defendant later became pregnant in 2008 and gave birth to the minor child LM in 2009. The US consulate in Kinshasa, DR Congo issued a US passport and a Birth Certificate of an American Citizen born Abroad to the minor child LM(2009).

3. During the birth of LM(2009), Thomas was in Congo with Nouria and the minor child LM. Then, Thomas wanted to return to the United States in the same year of 2009 and Nouria was supposed to stay with the baby LM in the Congo. However, Nouria refused Thomas to return to the United States. She wanted Thomas either to stay with them in Congo or to take both her and the baby LM to the United States. Nouria told Thomas if he left her and the baby in the Congo, she was going to hurt the baby. During all that time, Nouria became very aggressive to both Thomas and to the minor child LM. One day, on around September 2009, Nouria got very angry and destroyed with a

hammer the glasses of the windows and of the door of the house where she, the baby and Thomas were staying. She violently threatened to hurt LM(2009) with a knife. The Plaintiff placed LM in a safe room with help of neighbors, and he called the Congolese police. Before the police arrived, Nouria left the scene and fled to an unknown place for a few months leaving behind the minor child LM with Thomas.

4.  The Plaintiff, Thomas, reported the incident directly to the US Consulate in Kinshasa. The US Consul advised Thomas to take the minor child, LM, with him to the United States and not to leave her(LM) behind because she is an American citizen.

5.  On February 03, 2010, Nouria and her Counsel filed a Complaint against Thomas to the Public Prosecutor's Office in Ndjili, one of the Kinshasa tribunals in the DR Congo. Nouria's allegations were that she was a minor at the time she got pregnant by Thomas, and she asked for damages in money. Thomas was served by the Court and was asked to bring with him to the hearing his US passport, proof of a valid Entry visa to the DR Congo and also to bring the minor child LM(2009), all of which Thomas did (Exhibit 1).

6.  During the pre-trial hearing, all the parties were present. Thomas was there with his Counsel, along with the minor child LM(2009) and he produced his US passport and entry visa to the Congolese Court. Nouria also was there with her Counsel and her uncle Tino. After the hearing, the Magistrate dropped the case in favor of Thomas because Nouria falsely claimed to be a minor at the time she was pregnant by Thomas. She was 22 years old and an adult when she was pregnant. On that day, the Congolese Magistrate allowed Thomas to keep the minor child with him. Nouria was not even concerned about the minor child LM, and she and her Counsel left the Court and never contacted Thomas again at least to know how LM was doing. Thomas kept the US Consul in Kinshasa informed of all the situation, and the Consul was very helpful.

7.  After that hearing, the US Consul in Kinshasa recommended Thomas to return to the US with the minor child LM. The US Consul insisted that Thomas files for a Custody Order from the Congolese Court before leaving Congo. Thomas and his Counsel requested for the Custody of the minor child LM, and the Congolese Juvenile Court of Kinshasa granted full custody of LM to Thomas (Exhibit 2).

8.  The US Consul in Kinshasa gave Thomas his direct cellphone number and assisted Thomas and the minor child LM(2009) throughout the process until they both left the DR Congo for the United States in May 2010. When Thomas and LM boarded the plane, Thomas called the Consul to let him know that they were on the plane and they were about to take-off. The Consul wished Thomas and LM good luck. In the United States, Thomas raised LM alone until around June 2014 and LM did extremely well both educationally and well-being in general. Numerous videos and photos are available to prove that. Neighbors, colleagues, friends, doctors and LM's teachers can witness that too. Thomas and Nouria were not in touch anymore until 2013.

9. In 2013, Thomas's half-sister, Mariane, who lives in Congo, called Thomas in the United States stating that Nouria wanted to speak with him. Mariane gave Thomas the phone number of Nouria. After back and forth talks between Thomas and Mariane, Thomas called Nouria and Nouria apologized over the phone about all the trouble she had caused Thomas and the minor child LM. Nouria asked Thomas for a reconciliation and added that she became a better person then. Thomas accepted for a reconciliation, but he asked Nouria to seek for Therapy first, and Thomas paid for the Therapy for Nouria while she was in DR Congo. Then, Nouria asked Thomas to marry her. She promised if Thomas married her, she was going to be a better mom to LM and a good partner to Thomas. After all the back and forth discussions, Thomas trusted Nouria again, and he started the process of K-1 visa for her to come to the United States. Just before we submitted the K1 petition, Nouria told Thomas for the first time that he left her pregnant in 2010 and she gave birth to a boy by the name of AM(2011). Nouria also told Thomas that before she met him for the first time, she already had a child BM with another man in DR Congo and that BM was raised by her family. Nouria had the same claim in her Petition for an Order of Protection that she filed here in Chicago on April 22, 2015(Group Exhibit 3).

10. As a result of Nouria's misinformation to Thomas about the above minor children BM and AM(2011), they were both placed in Nouria's K1 fiancée's application, and the minor child AM(2009) received a US passport and a Certificate of an American Citizen Born Abroad, issued by the US Consulate in Kinshasa, DR Congo. Unfortunately, it became evident later that Nouria did not tell the truth about that minor child AM. Nouria produced a fake Birth Certificate for AM as Thomas's biological son (Group Exhibit 4).

11. In 2013,Thomas visited Congo and met with the Defendant(Nouria). Weeks later, Nouria claimed again to be pregnant by the Thomas.

12. Nouria entered the United States while she was pregnant in June 2014 with a K-1 Fiancée visa in order to get married with the plaintiff Thomas. She was pregnant and gave birth to the minor child TM(2014) here in Chicago, in the United States. The other minor child AM(2011) that Nouria claimed to be Thomas's Biological child was left in DR Congo (Exhibit 5).

13. Shortly after the birth of the minor child TM(2014), Nouria told Thomas that she was not going to marry him because Thomas was much older than her. Nouria added she just wanted to come to the United States and that she had another man in Congo. It appeared that Nouria concealed her marriage in Congo with another man and never divorced that man (Exhibit 6).

14. On April 2015, Nouria left Thomas's house with the minor child TM(2014) while Thomas was at work. Nouria and the minor child TM went to live in the house of Thomas's half-sister by the name of Dady Zioka in the South suburb of Chicago. Nouria

and TM lived there for a few days before she and the minor child moved to different shelters in the Northside of Chicago, among which Apna Ghar.

15. On April 22, 2015, Nouria with help of her free Counsels from LAF filed an Order of Protection, which was not granted after hearing due to lack of evidence and Nouria's credibility issues. LAF managed to conceal many facts in this case and jeopardizing the safety and well-being of the minor children in this case. Thomas showed evidence of ER medical records when Nouria almost broke his hand and videos of Nouria verbally abusing the minor child LM(2009) and leaving her unattended and locked in the house. The translations of the two videos are provided in exhibit 7, and the two videos are also available and can be produced when requested. (Exhibit 7) (Also, see Exhibit 3 above)

16. During the hearing of the above Order of Protection case, the Cook County Circuit Court removed the minor child LM(2009) from the Plaintiff's house to the Defendant. The Circuit Court of Cook County, Illinois failed to return the minor child LM(2009) to the Plaintiff in violation of the Court Order issued by the Juvenile Court of the Democratic Republic of the Congo that granted sole custody of the minor child LM(2009) to Thomas in April 2011 due to child endangerment and abandonment by Nouria (See Exhibit 2).

17. Nouria filed and submitted, under oath in the Circuit Court of Cook County, a forged Birth Certificate for the fictive minor child AM(2011) and began collecting Child Support for three children(LM/2009, AM/2011, TM/2014) for a certain period of time.(Group Exhibit 8)

18. During Discovery in the Custody process in the Circuit Court of Cook County, Nouria's Medical Records showed that she only had two pregnancies in all her life (Exhibit 9). Judge Kaplan entered an Order requesting DNA tests for all the three children. The Plaintiff(Thomas) took the minor children LM and TM(2014) to a DNA lab in Chicago and took the DNA tests. The DNA tests revealed LM and TM were 99% the Plaintiff's children. Thomas asked Nouria and Nouria's Counsels, Mr. Peter Monahan et all, to arrange for a DNA sample collection of the minor child AM(2011) through the US Consulate in Kinshasa, DR Congo. Both Nouria and her Counsels, Peter Monahan et all, became aggressive and did not want to follow the Court Order. Then, the Defendant(Nouria) Confessed before Judge Kaplan that she lied under oath. The minor child AM is not the Plaintiff's child. Thus, the child supported dropped for two minor children only(LM and TM). Judge Kaplan issued an Order stating that the Plaintiff(Nouria) had credibility issues and did not tell the truth regarding the minor child AM. (See Exhibit 4)

19. Nouria was abusive and violent to both Thomas and the minor children (LM and TM) both in the DR Congo and in the United States.

20. Nouria abused the US system just to collect money from the governments of the US and of Illinois as well as from private agencies using the minor children as pawns in order to stay in the US. She has been less concerned about the minor children's well-being as well as their education. She pulled the minor children from their safe house with Thomas to bring them to public shelters; she also pulled the minor child LM from one of the best private school in Illinois to low rated schools. Thomas is not only an accomplished school teacher and a good parent, but also an advocate for women and children and has been an active Social Justice advocate for more than a decade. He teaches Social Justice through his language classes at schools.

The Defendant,Nouria, acted knowingly, intentionally, willfully and maliciously. As a result of the defendant's conduct, the Plaintiff(Thomas) suffered morally, emotionally, physically and financially.

Thomas asks that this case be tried by a jury.
Thomas also claims violation of rights that may be protected by the laws of Illinois, such as false statement, forgery, contempt of Court, misrepresentation, fraud and any/ or any other claim that may be supported by the allegations of this Complaint.

WHEREFORE, plaintiff asks for the following relief:

A. Recognition of the Custody Order issued by the Juvenile Court of Kinshasa in the DR Congo and the Immediate return of the minor child LM(2009) and also of the minor child TM(2014) to the petitioner Thomas Mandala;

B. Damages to compensate for all bodily harm, emotional harm, pain and suffering, loss of income, loss of enjoyment of life, separation from children, and any other injuries inflicted by defendant(Nouria);

C. Punitive damages against the individual defendant(Nouria); and

D. Such injunctive declaratory, or other relief as may be appropriate, including attorney's fee and reasonable expenses as authorized by 42 U.S.C. $ 1988.

Plaintiff's signature _____  Date: 11/21/2018

Plaintiff's name: Thomas Mandala
Plaintiff's mailing address:
      274 Main Street Apt. 3A
      Acton, MA 01720
      Plaintiff's telephone number: 773-865-3754
      Plaintiff's email address : m_carre2003@yahoo.com